IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02718-BNB

BURTON SANDLES,

    Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Burton Sandles, initiated this action by filing ***pro se*** a Petition for a Federal Writ of Habeas Corpus Under 28 USC 2254 (Doc. #1). On November 15, 2011, Mr. Sandles filed on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. #6). Mr. Sandles is challenging the validity of his state court conviction and sentence in Arapahoe County District Court case number 98CR368. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. Sandles previously has sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254 challenging the validity of the same state court conviction and sentence. ***See Sandles v. Denver Downtown Correctional Facility***, No. 10-cv-01386-ZLW (D. Colo. Sept. 16, 2010). One of Mr. Sandles' claims in 10-cv-01386-ZLW was dismissed because it did not raise a cognizable federal constitutional issue. The federal constitutional claims Mr. Sandles raised in 10-cv-01386-ZLW were dismissed

because Mr. Sandles no longer was in custody for the purposes of the conviction under attack, the claims were barred by the one-year limitation period, and the claims were unexhausted and procedurally barred.  Therefore, the Court finds that the instant application is a second or successive application.  **See Henderson v. Lampert**, 396 F.3d 1049, 1053 (9th Cir. 2005) (finding that § 2254 application denied on state procedural default grounds constitutes a disposition on the merits, thus rendering a subsequent § 2254 application second or successive); **Schwartz v. Neal**, 228 Fed. App'x 814, 816 (10th Cir. 2007) (per curiam) (same); **Brown v. Roberts**, 177 F. App'x 774, 778 (10th Cir. 2006) (noting that "[d]ismissal of a petition as time barred operates as a dismissal with prejudice, meaning that future applications will be treated as 'second or successive' petitions subject to the heightened requirements of § 2244(b)").

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Sandles must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application.  **See In re Cline**, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam).  In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application.  **See id**. at 1251.  An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise

of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Sandles does not allege that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251. When the claims being raised in the second or successive application clearly do not meet the statutory requirements set forth in § 2244(b)(2), "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *See id.* at 1252.

It is not clear exactly what federal constitutional claims Mr. Sandles intends to pursue in this action. However, he fails to demonstrate that he intends to raise any claim that is based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone. *See id*.

Consideration of the other relevant factors also supports this conclusion.

3

Although it appears that Mr. Sandles' claims would be time-barred if filed anew in the proper forum, the fact that 10-cv-01386-ZLW was dismissed as time-barred indicates the instant action would be time-barred even if Mr. Sandles had sought proper authorization prior to filing in this Court.  There also is no indication that Mr. Sandles seeks to pursue any claims that likely have merit.  Finally, it was clear when the instant action was filed that this Court lacks jurisdiction over Mr. Sandles' claims because his prior habeas corpus action challenging the validity of the same conviction was dismissed for the reasons mentioned above.  As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice.  Instead, the action will be dismissed for lack of jurisdiction.  Accordingly, it is

ORDERED that the habeas corpus petition (Doc. #1) and the amended habeas corpus application (Doc. #6) are denied and the action is dismissed for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that the Motion to Transfer Exhibits (Doc. #2) filed on October 27, 2011, is denied.

DATED at Denver, Colorado, this  22nd  day of    November   , 2011.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court