FILED
United States Court of Appeals
Tenth Circuit

May 14, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:

BURTON SANDLES,

        Movant.

No. 12-1193
(D.C. No. 1:11-CV-02718-LTB)
(D. Colo.)

---

**ORDER**

---

Before **BRISCOE**, Chief Judge, **HARTZ** and **HOLMES**, Circuit Judges.

    Burton Sandles seeks authorization to file a second or successive 28 U.S.C. § 2254 habeas application. We deny authorization.

    In 1999, Mr. Sandles entered a guilty plea to one count of theft and received two years of probation in case number 98-CR-368 in Arapahoe County, Colorado. His probation was revoked in July 2001, and the trial court reinstated probation for another two-year term. In March 2004, the trial court terminated Mr. Sandles' probation and ordered him released for time served.

    In 2010, Mr. Sandles filed a 28 U.S.C. § 2254 habeas application in which he asserted three claims for relief. The district court dismissed the second claim for failing to raise a cognizable federal constitutional issue. The district court denied and dismissed the remaining claims because (1) Mr. Sandles was not in custody pursuant to the conviction he was attacking, which is a requirement for seeking habeas relief; (2) his first and third claims were barred by the one-year statute of limitations; and

(3) his first and third claims were procedurally barred.  Mr. Sandles filed an untimely notice of appeal from the district court's order, and this court dismissed his appeal for lack of jurisdiction.

In November 2011, Mr. Sandles filed another § 2254 habeas application.  The district court dismissed it for lack of jurisdiction because Mr. Sandles had not received authorization to file a second or successive § 2254 habeas application.  He did not appeal.

Mr. Sandles has now filed a motion for authorization to file a second or successive § 2254 application, asserting that he has newly discovered evidence to support his claims.  In order to satisfy the standard for authorization in 28 U.S.C. § 2244(b)(2), however, he must produce new facts showing a "high probability of actual innocence."  *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).  This he has not done.  Accordingly, we DENY the motion for authorization.  This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).

                              Entered for the Court

                              ELISABETH A. SHUMAKER, Clerk